**EXHIBIT B**

## UNITED STATE BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | )CASE NO.: 19-01946-JW |
| | ) CHAPTER 13 |
| Mildred B. Smith, | ) |
| | ) |
| DEBTOR | ) |
| _____ | ) |

### NOTICE OF OPPORTUNITY TO OBJECT AND CONFIRMATION HEARING

The debtor(s) in the above captioned case filed a chapter 13 plan on **April 23, 2019**. The plan is attached, or will be separately mailed to you by the debtor(s).

**Your rights may be affected by the plan.** You should read the plan carefully and discuss it with your attorney. If you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Any objection to confirmation of the chapter 13 plan must be filed with the Court at 1100 Laurel Street, Columbia SC 2901-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed.R.Bankr.P. 9006(a) Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

TAKE FURTHER NOTICE that no hearing will be held except at the direction of the Judge, unless a response, return, and or objections is timely filed and served, in which case the Court will conduct a hearing on **June 22, 2019, at 9:00 a.m. at The United States Bankruptcy Court, 1100 Laurel Street, Columbia SC 29201.** No further notice of this hearing will be given.

**If you or your attorney do not take these steps the court may decide that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.**

/s/J. Carolyn Stringer
J. Carolyn Stringer
Attorney for Debtor
PO Box 25345, Columbia SC 29224-5345
(803) 786-1405: fax: (803) 786-1406
Dist. Ct. ID# 1005
jcarolynstringer@sc.rr.com

April 23, 2019

Mary B. Smith    Case No.: 19-01945-jw

Fill in this information to identify your case:

Debtor 1        **Mildred B. Smith**
                First Name          Middle Name         Last Name

Debtor 2        _____
(Spouse, if filing) First Name      Middle Name         Last Name

United States Bankruptcy Court for the: District of South Carolina

Case number     **19-01945-jw**
(If known)

☐ heck if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification

☐ Post-confirmation modification

# District of South Carolina
# Chapter 13 Plan

12/17

## Part 1: Notices

To Debtors:    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors:  Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☐ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not included |

Debtor _____

## Part 2: Plan Payments and Length of Plan

2.1 The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ __1132.00_____ per month for __60.00_____ months

[and $ _____ per month for _____ months.]

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☑ The debtor will make payments pursuant to a payroll deduction order.
☐ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):_____.

2.3 **Income tax refunds.**

*Check one.*

☑ The debtor will retain any income tax refunds received during the plan term.
☐ The debtor will treat income tax refunds as follows:

_____
_____

2.4 **Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ The debtor will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable

Debtor _____  Case No.: _____

time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*
☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

**Name of Creditor**          **Collateral**
_____           _____

*Insert additional claims as needed.*

☐ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| **Name of Creditor** | **Collateral** | **Estimated amount of arrearage** | **Interest rate on arrearage (if applicable)** | **Monthly plan payment on arrearage** |
|---|---|---|---|---|
| _____ | _____ | $_____ Includes amounts accrued through the [Month/Year] payment] | _____% | $_____ (or more) |

*Insert additional claims as needed.*

☐ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☑ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with __**Rushmore Loan Management Services**__ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed.*

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Estimated amount of creditor's total Claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Jefferson Cao, Sys. LLC | $17,713.00 | 2014 Kia Soul | $11,000.00 | $0.00 | $11,000.00 | 6.0% | $213.00 |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ____% | $_____ (or more) |

*Insert additional claims as needed.*

**3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| _____ | _____ | $_____ | ____% | $_____ (or more) Disbursed by ☐ Trustee ☐ Debtor |

*Insert additional claims as needed.*

**3.4 Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| _____ | $_____ | $_____ | _____ | $_____ | $_____ | $_____ |

*Use this form for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| _____ | $_____ | $_____ | _____ | $_____ | $_____ | $_____ | $_____ |

*Insert additional claims as needed.*

### 3.5 ☒ Surrender of collateral.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☒ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of creditor | Collateral |
|---|---|
| **Auto Money** | **2001 GMC Yukon** |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

☒ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

Debtor _____  Case No.: _____

☐ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

  a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*
  b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
  c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt**. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $ _____ |
| | Disbursed by |
| | ☐ Trustee |
| | ☐ Debtor |

*Insert additional claims as needed.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor will maintain the contractual installment payments and cure, through the trustee, any prepetition default in payments on the unsecured claims listed below.

| Name of creditor | Current installment payment (paid by the debtor) | Estimated amount of arrearage through month of filing or conversion | Monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|
| _____ | $ _____ | $ _____ | $ _____ |
| | | | (or more) |

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

Debtor _____    Case No.: _____

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

**Name of creditor**          Total amount to be paid on          Interest rate
                              the claim                           (if applicable)

_____         $ _____             _____%

Specify the amount and frequency of payments and whether disbursed by the trustee or the debtor. _____

Provide a brief statement of the basis for separate classification and treatment. _____

_____

*Insert additional claims as needed.*

☐ **Other.** An unsecured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | $ _____ |
| | | | | (or more) |

*Insert additional claims as needed.*

## Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor as stated below:

*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

Debtor _____  Case No.: _____

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

<u>The debtor will make mortgage payments directly to the chapter 13 trustee.:</u>


<u>The following plan provisions will be effective only if here is a check in the box "included" in Section 5.3.</u>


<u>Part 1 of this chapter 13 form plan</u> indicates that all objections to he confirmation of the plan must e filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered. In Operating Order 18-04, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date. of service of the plan. Therefore, <u>all objections to the confirmation of this chapter 13 plan mustbe filed with the Court no laterthan 21 days after the date of service of this plan</u>

**In addition, debtors shall select "included" in part. 1.3 (Nonstandard Provisions) of the chapter 13 plan**

# EXHIBIT TO CHAPTER 13 PLAN -- NONSTANDARD PLAN PROVISIONS

8.1 {a) Mortgage payments to be disbursed by the Trustee {"Conduit"):

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Creditor | Description of collateral (note: if principal residence: include county tax map number and complete street address) | Current installment payment (ongoing payment amount) | Monthly payment to cure GAP** (post-petition mortgage payments for the two(2) months immediately following the event beginning conduit) | Estimated amount of pre-petition arrearage*** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| -Conduit payment applicable<br><br>Select Portfolio Servicing<br>PO Box 654507<br>Salt Lake City UT 84165-0450 | 834 Friarsgate Blvd.<br>Irmo SC 29063 | $655.73<br>Escrow for taxes:<br>☒ Yes<br>☐ No<br><br>Escrow for insurance:<br>☒ Yes<br>○ No | $23.00<br>Or more | $5700.00 | $95.00<br>Or more |
|  |  | Escrow for taxes:.<br>☑ yes<br>☐ No<br><br>Escrow for insurance:<br>☑ Yes<br>☐ No | $<br>Or more | $ | $<br>Or more |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice tiled under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be tiled to amend the ongoing monthly payment amount.
\*\* The Gap will be calculated from .the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be tiled to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid. by the Trustee, on a pro rata basis as funds are available. See the Operating Order of the Judge assigned to this case.

Once the trustee has tiled a Notice of Final Cure under F.R.8.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

### 8.1 (b) LM/MM - Option One: Reservation of Rights Language:

The Debtor(s) reserve the right to seek loss mitigation or modification of the mortgage loan using the Portal procedures described in Chambers Guidelines during the bankruptcy case.

### 8.1 (c) Reservation of Rights:

Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§542, 543, 544, 547 and 548

### 8.1 (d) Statement in Support of Confirmation:

Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.

Debtor _____  Case No.: _____

## Part 9: Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

**✗ /s/Mildred B. Smith**      ✗ _____
Signature of Debtor 1                                Signature of Debtor 2

Executed on **04/22/2019**cuted on _____
       MM / DD / YYYY                 MM /DD / YYYY


**✗ /s/J. Carolyn Stringer    1005**      Date    **04/22/2019**
Signature of Attorney for the debtor    DCID #                MM/DD/ YYYY

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: ) Chapter 13
)
Mildred B. Smith ) Case No.: 19-01045-jw
　　DEBTORS )
_____) CERTIFICATE OF SERVICE

  J. Carolyn Stringer, attorney for the Debtor(s), certifies that she served the named entities/persons named below with the document(s) listed, either by the United States Mail, with sufficient postage attached, or by electronic service as indicated.

**DATE OF SERVICE:**     April 23, 2019
**DOCUMENT(S) SERVED:**

William K. Stephenson, Jr., Chapter 13 trustee, Electronic Service
United States Trustee, Electronic Service

**All Creditors on attached mailing matrix**

           /s/ J. Carolyn Stringer
           J. Carolyn Stringer, ID#1005
           Attorney for Debtor(s)
           PO Box 25345
           Columbia SC 29224-5345
           (803) 786-1405; fax: (803) 786-1405
           jcarolynstringer@sc.rr.com

```
Label Matrix for local noticing          Aaron Sales & Lease Ow              Acceptance Now
0420-3                                   1015 Cobb Place Blvd Nw             5501 Headquarters Dr
Case 19-01945-jw                         Kennesaw GA 30144-3672              Plano TX 75024-5837
District of South Carolina
Columbia
Tue Apr 23 09:54:03 EDT 2019

Auto Money                               Bar Education Inc                   Bridgecrest
3320 North Main Street                   1900 W Commercial Blvd #            7300 E Hampton Ave
Columbia SC 29203-6433                   Ft Lauderdale FL 33309-7104         Mesa AZ 85209-3324


Cnac/sc105                               Diversified Consultant              Edfinancial Services L
3815 West Beltline Blvd                  P O Box 551268                      120 N Seven Oaks Dr
Columbia SC 29204-1567                   Jacksonville FL 32255-1268          Knoxville TN 37922-2359


Fed Loan Serv                            First Financial Asset               IRS
Pob 60610                                3091 Governors Lake Dr S            PO Box 7346
Harrisburg PA 17106-0610                 Peachtree Corners GA 30071-1135     Philadelphia PA 19101-7346


(p)INTERNAL REVENUE SERVICE              (p)JEFFERSON CAPITAL SYSTEMS LLC    Travis E. Menk
CENTRALIZED INSOLVENCY OPERATIONS        PO BOX 7999                         Brock & Scott, PLLC
PO BOX 7346                              SAINT CLOUD MN 56302-7999           Attorneys at Law
PHILADELPHIA PA 19101-7346                                                   8757 Red Oak Blvd, Suite 150
                                                                             Charlotte, NC 28217-3977

PRA Receivables Management, LLC          Plaza Servic                        Portfolio Recov Assoc
PO Box 41021                             110 Hammond Drive Suite 110         120 Corporate Blvd Ste 1
Norfolk, VA 23541-1021                   Atlanta GA 30328-4806               Norfolk VA 23502-4952


Progressive Leasing                      Rec Mgt Corp                        Richland County Treasurer
256 Data Drive                           1601 Shop Rd Ste D                  2020 Hampton Street
Draper UT 84020-2315                     Columbia SC 29201-4855              Columbia SC 29204-1002


Sca Collect                              Select Portfolio Svcin              Mildred B. Smith
Po Box 876                               Po Box 65250                        936 Friarsgate Blvd
Greenville NC 27835-0876                 Salt Lake City UT 84165-0250        Irmo, SC 29063-2774


South Carolina Dept of Revenue           William K. Stephenson Jr.           J. Carolyn Stringer
P O Box 12265                            PO Box 8477                         PO Box 25345
Columbia SC 29211-2265                   Columbia, SC 29202-8477             Columbia, SC 29224-5345


Syncb/belk                               Syncb/jcp                           US Trustee's Office
Po Box 965028                            Po Box 965007                       Strom Thurmond Federal Building
Orlando FL 32896-5028                    Orlando FL 32896-5007               1835 Assembly Street
                                                                             Suite 953
                                                                             Columbia, SC 29201-2448
```

| United Acceptance Inc | W.S. Badcock Corporation | Wells Fargo Bank, N.A., as Trustee, on behal |
| --- | --- | --- |
| 2400 Lake Park Dr | P.O. Box 724 | Select Portfolio Servicing, Inc. |
| Smyrna GA 30080-8993 | Mulberry, FL 33860-0724 | 3217 South Decker Lake Drive |
| | | Salt Lake City, UT 84119-3284 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Internal Revenue Service | Jefferson Capital Syst |
| --- | --- |
| 1835 Assembly Street | 16 Mcleland Rd |
| Insolvency Unit | Saint Cloud MN 56303 |
| Columbia SC 29201 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (d)PRA Receivables Management, LLC | End of Label Matrix | |
| --- | --- | --- |
| PO Box 41021 | Mailable recipients | 32 |
| Norfolk, VA 23541-1021 | Bypassed recipients | 1 |
| | Total | 33 |